# THE ATTORNEY GENERAL
## AUSTIN, TEXAS



**GROVER SELLERS**

ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney, Jones County
Anson, Texas

              Attention: J. F. Lindsey
                   Assistant

Dear Sir:

              Opinion No. O-5897

> Re: County where principal
> office of foreign corpora-
> tion doing business in
> Texas is situated is
> proper place for regis-
> tration of its trucks.

      We received your letter of February 25, 1944, in which the following facts and query is presented:

> "Moutray Oil Company, Abilene, Texas is a Delaware Corporation, with its Texas office in Abilene, Texas. Its refinery, distribution plant and garage where it keeps its trucks and from which point its trucks operate is located in Jones County. Can Moutray Oil Company, register its trucks legally in Jones County, Texas?"

      Article 6675a-2, Vernon's Annotated Civil Statutes, 1925, provides that:

> "Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the <u>county in which he resides</u> for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * *" (Underscoring ours)

      Article 6675a-1, (1) defines the term "owner" as used in the next above mentioned article, as meaning "any person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle."

      It is a well settled rule of law in this State that a corporation is a "person" within the meaning of that term as used in constitutional and statutory provisions. See Vol. 10, Tex. Jur., page 655 and cases there cited.

Honorable George P. Hudson, page 2

We assume from the facts stated by you that the Youtray Oil Company not only holds the legal title to its trucks but the legal right of possession and control thereof also. However, we are sending herewith our Opinion No. O-2105, which together with our attached Opinion No. O-2050, should answer your question in the event the legal title only to such trucks was held by the said corporation and the legal right of possession or legal right of control was in the hands of another person or persons.

Continuing with out answer, we find that the Court of Criminal Appeals of this State has held in the case of Opp v. State, 130 Cr. R. 314, 94 S. W. (2d) 180, that an automobile owner is <u>required</u> to register it in county of owner's residence, as against contention automobile could be registered in any county within State. (Underscoring ours)

This brings us to the determination of the question in which county in this State does a foreign corporation doing business therein reside. We think this was correctly determined in our Opinion No. O-2050, herewith attached, which holds, among other things, as follows:

"It is the opinion of this department that a foreign corporation which has been made a 'resident' of Texas for registration purposes should be treated as other resident or domestic corporations for this purpose and that the <u>county of residence of such a corporation is the county of its principal place of business in this State. - - -</u>" (Underscoring ours)

The general rule as to the residence of a corporation is stated as follows:

"A corporation is 'resident' in the State and county where its principal offices are."

10 Tex. Jur., 631, citing Pittsburg Water Heater Company v. Sullivan, 115 Tex. 417, 202 S. W. 576; Sanders v. Farmers' State Bank, (Civ. App.) 228 S. W. 635.

Therefore, upon our understanding of the facts as presented by you, we answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Robert L. Lattimore, Jr.
Assistant

APPROVED MAR. 14, 1944
(Signed) Geo. Y. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS

RLL:EP:jrb       APPROVED OPINION COMMITTEE
                 BY BWB Chairman